IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Good, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 07207 |
| Omni Credit Services of Florida, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Linda Good, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Linda Good ("Good"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed to Arizona Mail Order/Old Pueblo Traders ("AMO/OPT"), despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Omni Credit Services of Florida, Inc. ("Omni"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Omni operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant Omni was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Omni is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Omni conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Good is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Omni began trying to collect a delinquent AMO/OPT debt from Ms. Good, by calling her on the telephone, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Omni's collection actions.

7. Accordingly, on June 29, 2012, one of Ms. Good's attorneys at LASPD informed Omni, in writing, that Ms. Good was represented by counsel, and directed Omni to cease contacting her, and to cease all further collection activities because Ms. Good was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit B.

8. Nonetheless, Defendant Omni, including its debt collectors "Janice Anderson" and "David "Rokie" continued to call Ms. Good directly including, but not

limited to, telephone calls on August 22, 2012 and August 25, 2012, from telephone number 800-670-9944, attempting to collect the AMO/OPT debt.

9. Accordingly, on August 27, 2012, one of Ms. Good's LASPD attorneys had to write to Defendant Omni again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Defendant Omni's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Omni's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Good's, agent/attorney, LASPD, told Defendant Omni to cease communications and cease collections (Exhibit B). By continuing to communicate regarding this debt and demanding payment, Defendant Omni violated § 1692c(c) of the FDCPA.

15. Defendant Omni's violations of § 1692c(c) of the FDCPA render it liable

for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Omni knew that Ms. Good was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit B), that she was represented by counsel, and had directed Defendant Omni to cease directly communicating with her. By directly calling Ms. Good, despite being advised that she was represented by counsel, Defendant Omni violated § 1692c(a)(2) of the FDCPA.

19. Defendant Omni's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Good, prays that this Court:

1. Find that Defendant Omni's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Good, and against Defendant Omni, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

4

1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Good, demands trial by jury.

        Linda Good,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: September 10, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson  (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com